RECKTENWALD v. ERIE R. CO.

(Supreme Court, Appellate Division, First Department. July 12, 1906.)

1. RAILROADS—NEGLIGENCE—PERSONAL INJURIES—CROSSING ACCIDENT—DUTY OF RAILROAD—EVIDENCE—REVERSIBLE ERROR.

Where, in an action against a railroad for injuries received while crossing defendant's track, the negligence charged was that the gates at the crossing were up, and that no flagman was on the crossing, the exclusion of evidence that, owing to the severity of the weather, ice had formed on the gates, so that they could not be operated, and that defendant was in the act of removing the ice at the time of the accident, was reversible error; defendant being held only to the exercise of reasonable care in the construction and inspection of the gates to maintain them in working order.

[Ed. Note.—For cases in point, see vol. 41, Cent. Dig. Railroads, §§ 972–975.]

2. SAME—CONTRIBUTORY NEGLIGENCE.

In an action against a railroad for injuries received by plaintiff through being struck by a train at a crossing, evidence *held* to show plaintiff's contributory negligence.

Appeal from Trial Term, New York County.

Action by Joseph Recktenwald, an infant, against the Erie Railroad Company. From a judgment for plaintiff, and from an order denying its motion for a new trial, defendant appeals. Reversed.

Argued before PATTERSON, McLAUGHLIN, LAUGHLIN, CLARKE, and HOUGHTON, JJ.

Winfred T. Denison (Frederick B. Jennings, on the brief), for appellant.

Rudolph Marks, for respondent.

LAUGHLIN, J.  This is an action for personal injuries alleged to have been caused by the negligence of the defendant.  Willow avenue is a public highway of Weehawken, N. J., running in a northerly and southerly direction.  Four tracks of the defendant cross the avenue at grade and nearly at right angles.  On the afternoon of the 17th day of January, 1903, the plaintiff, then 10 years of age, was struck upon or easterly of the Willow avenue crossing by a freight train moving westerly on the second track from the south.  The defendant had long maintained gates and a flagman at the crossing to operate them.  One of the charges of negligence contained in the complaint, and concerning which the plaintiff introduced evidence upon the trial, and which was submitted to the jury, was that the gates were up at the time this freight train came along, and that theretofore they had customarily been lowered over the sidewalks and carriageway to intercept vehicles and pedestrians, and give notice of the approach of a train.  The defendant offered evidence, which, if it had been received, might have shown that without fault or negligence on its part, but owing to the severity of the weather, ice had formed on the gates, so that they could not be operated, and that it was in the act of removing the same at the time in question, and its counsel informed the court that the purpose of the evidence was to show why the gates could not be operated.  On the objection of counsel for the plaintiff that it was immaterial and irrelevant, this evidence was excluded, and counsel for the defendant duly excepted.  We are of opinion that the exclusion of this evidence constitutes reversible error.

The charge of negligence was twofold:  First, that the gates were up, and no flagman was on the crossing when they should have been down, and a flagman should have been there; and, secondly, that no signal or warning was given from the train.  The defendant presented evidence tending to show that the flagman was at his post, and that he performed his full duty, excepting that he did not lower the gates, and also that proper signals of the approach of the train were given, but it was not permitted to give evidence tending to relieve it of the charge of negligence concerning the gates.  The plaintiff showed the fact that the gates were up, both as bearing upon the negligence of the defendant and his own freedom from contributory negligence.  The jury may well have inferred from the exclusion of this evidence that the charge of negligence concerning the gates still left in the case and submitted to them that the duty of the defendant to maintain the gates in working condition was absolute.  Manifestly, no such duty rested upon the defendant.  Its duty with respect to the gates was the same as its duty with respect to other signals.  The exercise of reasonable care in the construction and inspection of the gates, to maintain them in working order, was a full discharge of the defendant's duty with respect to the gates.

We are also of opinion that the learned trial justice erred in denying the defendant's motion to set the verdict aside as against the weight

of evidence, both upon the question of plaintiff's freedom from contributory negligence and the negligence of the defendant. Plaintiff rested his case upon his own testimony and that of two other witnesses. His testimony is to the effect that he had been sliding on a pond on the westerly side of the avenue and south of the tracks, and that he met with the accident while crossing the tracks on the easterly walk, or a little to the west thereof, on his way from the pond to his home on the northerly side of the tracks. He was corroborated, in the main, by the other two witnesses, but on the cross-examination of the plaintiff and of his witnesses their testimony was considerably weakened. The defendant called 17 witnesses, most of whom were disinterested, and testified positively that the accident occurred some distance east of the crossing, and on the defendant's right of way. The other facts testified to by them and by other witnesses render their evidence probable.

We are of opinion, therefore, that the preponderance of evidence shows that the accident did not occur upon the public highway, and that the plaintiff was not free from contributory negligence. It follows, therefore, that the judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.

